IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NEDRA MEREDITH, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-652 |
| | § | |
| FIESTA MART, LLC | § | |
| | § | |
|    Defendant | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Fiesta Mart, LLC" ("Defendant") in the cause styled "*Nedra Meredith v. Fiesta Mart, LLC,*" originally pending as Cause No. 348-334307-22 in the 348th District Court, Tarrant County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Fiesta Mart, LLC, at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited liability company. Therefore, its citizenship is determined by the citizenship of its members.[2] The sole member of Fiesta Mart, LLC is Bodega Latina Corp., a corporation incorporated under the laws of the State of Delaware with its principal place of business in California.[3] The corporate structure of Fiesta Mart, LLC has not changed since the time the affidavits included as Exhibits 5 and 6 were executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California but not of Texas.[4]

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about July 6, 2020, while shopping in a Tarrant County Fiesta Mart store located at 4525 E. Berry Street, Fort Worth, Texas 76105, she slipped and fell on a wet, slippery substance on the floor. Plaintiff filed suit June 27, 2022, in the 348th District Court, Tarrant County, Texas, alleging premise liability and negligence-based causes of action against Defendant.[5]

---

[2] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[3] *See* Affidavit of Michael Saltzstein and Affidavit of Jorge Del Toro, attached hereto as Exhibits 5 and 6.

[4] *See Harvey*, 542 F.3d at 1080; *see also* Exhibits 5 and 6.

[5] *See* Exhibit 2, at pp. 3-5.

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.[6] Specifically, Plaintiff seeks damages for past and future: (1) medical expenses; (2) mental anguish; (3) loss of consortium; (4) physical pain and suffering; and (5) physical impairment.[7] Plaintiff alleged damages in an amount between $250,000 and $1,000,000.[8] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[9]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."[10] Defendant first became aware this case was removable on or about June 29, 2022, when Defendant was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on June 27, 2022.[11]

---

[6] *Id.* at p. 8.

[7] *Id*. at pp. 5-7.

[8] *Id.at* p. 8.

[9] See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

[10] 28 U.S.C. § 1446(b).

[11] *See id*.

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 348th District Court, Tarrant County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1)  State court docket sheet (as of July 29, 2022);

(2)  Plaintiff's Original Petition (filed June 27, 2022);

(3)  Return of Service;

(4)  Defendant Fiesta Mart, LLC Original Answer (filed July 15, 2022);

(5)  Affidavit of Michael Saltzstein; and

(6)  Affidavit of Jorge Del Toro.

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

- 4 -

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully submitted,

/s/ Hope Zimlich Miranda
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on July 29, 2022.

/s/ Hope Zimlich Miranda
Hope Zimlich Miranda