# EXHIBIT 1

Exhibit 1

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                    07/29/2022 2:31 PM

**Court :** [ 348 ▾ ]  **Case :** [ 334307 ]  [ Search ]  [ New Search ]  ☐ Show Service Documents ONLY

**Cause Number : 348-334307-22**                    **Date Filed : 06-27-2022**

NEDRA MEREDITH  **| VS |**  FIESTA MART, LLC

**Cause of Action :** INJURY OR DAMAGE, PREMISES

**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 06-27-2022 | PLTF'S ORIG PET | [PDF] | N | $350.00 | |
| 06-27-2022 | PAYMENT RECEIVED trans #1 | | Y | | $213.00 |
| 06-27-2022 | PAYMENT PAID TO STATE trans #1 | | Y | | $137.00 |
| 06-27-2022 | CIT-ISSUED ON FIESTA MART LLC-On 06/28/2022 | [PDF] | N  Svc | $8.00 | |
| 06-27-2022 | PAYMENT RECEIVED trans #4 | | Y | | $8.00 |
| 06-27-2022 | JURY REQUESTED | | | | $0.00 |
| 07-15-2022 | DEFN'S ORIG ANS & SPEC/EXC | [PDF] | | | $0.00 |
| 07-19-2022 | ***ORD SET CASE/TRIAL (WK OF 5-1-23)*** | [PDF] | M | | $0.00 |

# EXHIBIT 2

Exhibit 2

FILED
TARRANT COUNTY
6/27/2022 10:33 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. 348-334307-22

| | | |
|---|---|---|
| **NEDRA MEREDITH** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **FIESTA MART, LLC** | § | |
| *Defendant* | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, NEDRA MEREDITH (hereinafter "Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of FIESTA MART, LLC (hereinafter "Defendant" or "Fiesta"), Defendant herein, and for cause of action would respectfully show the Court the following:

### I.

### DISCOVERY CONTROL PLAN

Pursuant to Rule 190.4, TEXAS RULES OF CIVIL PROCEDURE, discovery in this suit is to be conducted under Level 3.

### II.

### PARTIES

Plaintiff NEDRA MEREDITH is an individual residing in Tarrant County, Texas. The last three digits of her social security number are 923 and the last three digits of her Texas Driver's License number are 722.

Defendant FIESTA MART, LLC, is a Texas limited liability company doing business in Tarrant County, Texas, and may be served with process through its registered agent, CT

Corporation Systems at 1999 Bryan Street. Suite 900, Dallas, Texas 75201, or wherever it may be found.

## III.

## VENUE AND JURISDICTION

Venue is proper in Tarrant County, Texas, because all or a substantial part of the events giving rise to the suit occurred in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE ANN. §15.001.  All damages sought are within the jurisdictional limits of this Court.

## IV.

## FACTS

On or about July 6, 2020, Plaintiff was present on Defendant's premises located at 4525 E. Berry Street, Fort Worth, Texas 76105. As Plaintiff was walking down an aisle, she slipped on a wet, slippery substance that was left unattended in the aisle, causing severe bodily injuries to Plaintiff. There was no "wet floor" or "caution" sign present at the time of the incident. Plaintiff experienced an onset of initial symptoms and immediately presented to Texas Health Harris Methodist Hospital in Fort Worth, Texas via ambulance to have her injuries treated. Plaintiff suffered injuries and/or aggravation or exacerbation of pre-existing conditions to her neck, shoulder, and other parts of her body as a result of the incident. Plaintiff's bodily injuries and/or aggravations or exacerbations thereof occurred as a direct result of a slip and fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed, for which Plaintiff seeks compensation.

## V.

## CAUSES OF ACTION

### A. Negligence

Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set forth herein at length. Defendant, through its agents, servants and/or employees, was negligent on the occasion in question by among other things: (1) causing and/or creating a dangerous condition to exist on the floor in the form of water or some other slippery substance; (2) allowing the substance to remain on the floor where the incident occurred without alerting Plaintiff of the dangerous condition; and (3) failing to restrict access to the area while the substance remained on the floor creating a dangerous condition, when the Defendant's agents and/or employees knew or in the exercise of reasonable care should have known that this would cause an unreasonable risk of harm for those persons attempting to walk on the slippery floor.

At all times mentioned herein, based on information and belief, all agents, servants and/or employees of Defendant were acting within the course and scope of their employment or official duties and in furtherance of the duties of their employment. Thus, Defendant is responsible for all damages resulting from the negligent acts and/or omissions of its agents, servants and/or employees under the doctrine of respondent superior.

Plaintiff alleges that, upon the occasion in question, Defendant, through its agents, servants and/or employees, failed to use ordinary care by various acts and omissions in at least the following ways:

   a. Failing to exercise ordinary care in maintain the premises in a reasonably safe condition;

b.  Failing to exercise reasonable care to reduce or eliminate the risk to invitees, such as the Plaintiff, of unreasonably dangerous conditions;

c.  Failing to warn invitees, such as the Plaintiff, of the unreasonably dangerous condition where the incident occurred;

d.  Creating and causing an unreasonably dangerous condition to exist on the premises;

e.  Failure to use reasonable care in training its employees in locating, cleaning, preventing, removing and/or warning of unreasonably dangerous conditions;

f.  Failure to use reasonable care in supervising its employees to ensure they are competent in locating, cleaning, preventing, removing and/or warning of unreasonably dangerous conditions; or

g.  Failure to recognize and correct a dangerous condition.

Plaintiff seeks damages within the jurisdictional limits of this Court.

### B. Premises Liability

Plaintiff incorporates by reference and re-alleges paragraphs above the same as if set forth herein at length. Plaintiff herein alleges as follows:

1.  Plaintiff entered Defendant's premises in response to Defendant's invitation and for their mutual benefit and as such, Plaintiff was an invitee.

2.  Defendant was the possessor of the premises located at 4525 E. Berry Street, Fort Worth, Texas 76105.

3.  A condition of Defendant's premises posed an unreasonable risk of harm, namely, among other things, a wet, slippery substance on the floor on the premises that posed a slipping and falling hazard. This posed an inherent risk of harm to Plaintiff and was unreasonably dangerous.

4. Defendant knew or reasonably should have known of the danger. Plaintiff was unaware of the dangerous condition. Defendant failed to warn Plaintiff of the danger.

5. Defendant breached the duty of ordinary care by failing to adequately warn Plaintiff of the condition or by failing to the condition reasonably safe.

6. Defendant breached the duty of ordinary care by, among other things:

   (1) Failing to adequately warn Plaintiff and others of the dangerous condition; and

   (2) Failing to make the condition reasonably safe.

7. Defendant's breach of duty proximately caused injury to Plaintiff. Plaintiff seeks damages within the jurisdictional limits of this Court.

## VI.

## DAMAGES

### A. Medicals

Plaintiff repleads and reiterates each and every particular of this petition, paragraphs I-V alleging further that as a direct and proximate result of the occurrence made the basis of this lawsuit, and of Defendant's acts and/or omissions as described herein, Plaintiff, suffered bodily injuries and/or aggravation of exacerbations of pre-existing conditions which caused Plaintiff to endure anxiety, pain, and illness, resulting in damages more fully set forth herein.

Furthermore, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred reasonable medical expenses in the past from at least, the following medical providers:

DFW MRI
John Peter Smith Hospital
Medstar Mobile
Memorial Care Pharmacy
Radiology Associates of North Texas
Singleton Associates

Strivant Health
SW Orthopedics
Texas Health Harris Methodist
Texas Injury Clinic
Texas Medicine Resources
Texas Pain Institute (Dr. Aggarwall)
Vertex Pain & Orthopedic
Wellcare Health

These medical providers provided necessary medical treatment to Plaintiff and were incurred by Plaintiff for reasonable and necessary medical care and treatment of the injuries resulting from the incident complained of herein and such charges were reasonable and were usual and customary charges for such services in Tarrant County, Texas and wherever else rendered.

In addition, Plaintiff will incur reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future, if not, for the balance of Plaintiff's natural life. In addition, Plaintiff may require surgery and other medical treatment and costs in the future, for which Plaintiff seeks compensation.

### B.  Mental Anguish

Plaintiff repleads and reiterates each and every particular of this petition, paragraphs I-V alleging further that as a result of the injuries sustained, Plaintiff has suffered and sustained mental anguish in the past and will continue to sustain same in the future, if not for the balance of Plaintiff's natural life. In addition to suffering severe mental anguish, Plaintiff has suffered a loss of consortium, love, affection, and companionship, in the past, and in all reasonable probability. Plaintiff will continue to suffer for a long time into the future, if not for the balance of Plaintiff's natural life, for which Plaintiff seeks compensation.

By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

### C.  Physical Pain and Suffering

Plaintiff repleads and reiterates each and every particular of this petition, paragraphs I-V alleging further that as a result of the injuries sustained, Plaintiff has suffered and sustained physical pain and suffering in the past and will continue to sustain same in the future, if not for the balance of Plaintiff's natural life. Plaintiff will continue to suffer for a long time into the future, if not for the balance of Plaintiff's natural life, for which Plaintiff seeks compensation.

By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of the Court.

### D.  Physical Impairment

Plaintiff repleads and reiterates each and every particular of this petition, paragraphs I-V, alleging further that as a proximate result of the negligence and acts and/or omissions of the Defendant which resulted in the injuries sustained, Plaintiff has suffered and sustained physical impairment as a result of the incident made the basis of this lawsuit and will continue to sustain same in the future, if not for the balance of Plaintiff's natural life. By reason of the foregoing injuries and damages, Plaintiff has been damaged far in excess of the minimum jurisdiction limits of the Court for which Plaintiff seeks compensation.

## VII.

## **RULE 193.7 NOTICE**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## VIII.

### TCRP 47 CLAIM FOR RELIEF

Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## IX.

### JURY DEMAND

Plaintiff requests trial by jury.

## X.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Nedra Meredith, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

By: */s/ Jim R. Ross*
    Jim R. Ross
    State Bar No. 24010362
    Joe P. Lopez, IV
    State Bar No. 12566435

    **JIM ROSS LAW GROUP, P.C.**
    2221 E. Lamar Blvd., Suite 800
    Arlington, Texas 76006
    Telephone: 817.275.4100
    Facsimile: 817.549.0236
    Email: jlopez@jimrosslaw.com

    **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

Exhibit 3

## Service of Process Transmittal Summary

**TO:**   Joe Angulo
BODEGA LATINA CORPORATION
14601B LAKEWOOD BLVD
PARAMOUNT, CA 90723-3602

**RE:**   **Process Served in Texas**

**FOR:**   Fiesta Mart, L.L.C.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NEDRA MEREDITH // To: Fiesta Mart, L.L.C. |
| **CASE #:** | 3483343072 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/29/2022 at 01:06 |
| **JURISDICTION SERVED:** | Texas |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Monica Penichet  monica.penichet@blcmarkets.com |
| | Email Notification,  Juan Ramos  juan.ramos@blcmarkets.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                      Wed, Jun 29, 2022
**Server Name:**                               angela austin

| Entity Served | FIESTA MART, L.L.C. |
|---|---|
| Case Number | 348-334307-22 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



*Delivered ate PSCLTS*

## THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 348-334307-22*

NEDRA MEREDITH
VS.
FIESTA MART, LLC

TO: FIESTA MART LLC

B/S REG AGENT-CT CORPORATION SYSTEMS 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 348th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

NEDRA MEREDITH

Filed in said Court on June 27th, 2022 Against
FIESTA MART LLC

For suit, said suit being numbered 348-334307-22 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

JIM R ROSS
Attorney for NEDRA MEREDITH Phone No. (817)275-4100
Address   2221 E LAMAR BLVD STE 800 ARLINGTON, TX 76006
_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 28th day of June, 2022.

By _____ Natali Twigpen _____
NATALIE TWIGPEN

A CERTIFIED COPY
ATTEST: 06/28/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *34833430722000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____    _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                   _____
                    County of _____, State of _____

*CITATION*

Cause No. 348-334307-22

NEDRA MEREDITH

VS.

FIESTA MART, LLC



ISSUED

This 28th day of June, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        NATALIE THIGPEN Deputy

JIM R ROSS
Attorney for: NEDRA MEREDITH
Phone No. (817)275-4100
ADDRESS: 2221 E LAMAR BLVD STE 800

ARLINGTON, TX 76006

*CIVIL LAW*



*34833430722000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

# EXHIBIT 4

**Exhibit 4**

348-334307-22

FILED
TARRANT COUNTY
7/15/2022 3:50 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-334307-22

| | | |
|---|---|---|
| NEDRA MEREDITH, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 348TH JUDICIAL DISTRICT |
| | § | |
| FIESTA MART, L.L.C., | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

---

### DEFENDANT FIESTA MART, L.L.C.'S ORIGINAL ANSWER AND SPECIAL EXCEPTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Fiesta Mart L.L.C., ("Defendant") hereby files its Original Answer and Special Exception to Plaintiff's Original Petition and, in support thereof, states as follows:

**I.**
### GENERAL DENIAL

Defendant denies each and every material allegation in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**II.**
### DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY

1.      Defendant specifically denies Plaintiff's claims that it was negligent and/or that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

2.      Pleading further, Defendant claims that Plaintiff failed to use a degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause her injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate cause of Plaintiff's damages or injuries, if any.

---

3.      Defendant alleges that Plaintiff's alleged damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate cause of Plaintiff's alleged damages or injuries, if any.

4.      To the extent necessary, Defendant would show that the accident complained of was an unavoidable accident, as that term is known in law.

5.      Defendant further claims that it had neither actual nor constructive knowledge of the allegedly hazardous condition about which Plaintiff complains, and that in any event, the alleged hazard was not "unreasonably dangerous."

6.      Pleading further and in the alternative, Defendant claims that the premises condition asserted by Plaintiff in her Original Petition was known to Plaintiff, was open and obvious, and/or was not concealed from Plaintiff and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect her from it.

7.      Defendant states that Plaintiff's alleged damages complained of, if any, may be the result of prior or pre-existing injuries, accidents or conditions, and said prior or pre-existing injuries, accidents or conditions, if any, would be the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

8.      Defendant states that Plaintiff's alleged damages complained of, if any, may be the result of subsequent and unrelated injuries, accidents or conditions, and said injuries, accidents or conditions, if any, would be new and intervening, sole and/or a contributing cause(s) of Plaintiff's damages alleged against Defendant.

9.      Defendant claims that Plaintiff may be malingering and exaggerating the nature and severity of her alleged injuries in order to continue treatment and/or inflate damages, and accordingly, Defendant contends that Plaintiff's treatment may not be medically necessary or reasonable.

10.     Defendant further contends that Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of her alleged damages.

11.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

12.     Defendant contends that any claims for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.     Defendant states that, in the unlikely event an adverse judgment would be rendered against it in this matter, Defendant would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

### III.
### SPECIAL EXCEPTION

Further answering herein, Defendant objects and specially excepts to the section of Plaintiff's Original Petition titled "Rule 193.7 Notice," which improperly attempts to invoke Rule

193.7 of the Texas Rules of Civil Procedure. Specifically, paragraph VII states that "Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "***actual notice*** that the document ***will*** be used" to the producing party.[1] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[2]

Accordingly, Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendant requests that the Court strike the section of Plaintiffs' Original Petition entitled "Rule 193.7 Notice" in its entirety.

**IV.**
**REQUEST FOR COURT REPORTER**

Defendant respectfully requests that a court reporter be present at all proceedings before this Honorable Court.

---

[1] Tex. R. Civ. P. 193.7 (2021) (emphasis added).
[2] *Id.*, cmt. 7 (emphasis added).

**V.**

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant Fiesta Mart L.L.C., respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, both at law and in equity.

Respectfully submitted,

/s/ Hope Zimlich Miranda
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT FIESTA MART, L.L.C**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil Procedure on July 15, 2022.

/s/ Hope Zimlich Miranda
**Hope Zimlich Miranda**

# EXHIBIT 5

**Exhibit 5**

## AFFIDAVIT OF MICHAEL SALTZSTEIN

STATE OF __California__　　§
　　　　　　　　　　　　　§
COUNTY OF **Los Angeles**　§

      BEFORE ME, the undersigned authority, on this day personally appeared Michael Saltzstein ("Affiant"), who being by me first duly sworn, stated the following under oath:

1. "My name is Michael Saltzstein. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make this affidavit.

2. My job title is Senior Director and Head of Risk Management for Bodega Latina Corp. and the facts stated herein are based on my personal knowledge obtained in that capacity. I have been authorized by Bodega Latina Corp. and Fiesta Mart, LLC to make this statement on their behalf. I am familiar with the corporate structures of Bodega Latina Corp. and Fiesta Mart, LLC in my capacity as Head of Risk Management for Bodega Latina Corp.

3. Defendant Fiesta Mart, LLC is wholly owned by, and a subsidiary of, Bodega Latina Corp. Defendant Fiesta Mart, LLC is a limited liability company with a sole member, Bodega Latina Corp. Bodega Latina Corp. is incorporated in Delaware and maintains its principal place of business in California."

The affiant says nothing further.

                                         _____

                                         Michael Saltzstein

Subscribed and sworn to before me on _April 1_____, 2020.

SONIA ESMERALDA TORRES
Notary Public – California
Los Angeles County
Commission # 2192073
My Comm. Expires May 12, 2021

                                     Notary Public for the State of _California_

                                     My commission expires: _May 12, 2021_
                                     Notary Stamp

# EXHIBIT 6

Exhibit 6

**CALIFORNIA JURAT**                                    GOVERNMENT CODE § 8202

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_

GLORIA L. RIESGO-FAURA
Notary Public · California
Los Angeles County
Commission # 2395358
My Comm. Expires Mar 1, 2026

Subscribed and sworn to (or affirmed) before me on

this ___1___ day of _June_, 20_22_, by
     Date       Month       Year

(1) _Jorge Del Toro, Jr_

(and (2) _____ ),
            Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
           Signature of Notary Public

*Place Notary Seal and/or Stamp Above*

─────────── **OPTIONAL** ───────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2019 National Notary Association

## **AFFIDAVIT OF JORGE DEL TORO**

STATE OF _____ §

§

COUNTY OF _____ §

BEFORE ME, the undersigned authority, on this day personally appeared Jorge Del Toro ("Affiant"), who being by me first duly sworn, stated the following under oath:

1. "My name is Jorge Del Toro. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make this affidavit.

2. My job title is General Liability Manager for Bodega Latina Corp. and the facts stated herein are based on my personal knowledge obtained in that capacity. I have been authorized by Bodega Latina Corp. and Fiesta Mart, LLC to make this statement on their behalf. I am familiar with the corporate structures of Bodega Latina Corp. and Fiesta Mart, LLC in my capacity as General Liability Manager for Bodega Latina Corp.

3. Defendant Fiesta Mart, LLC is wholly owned by, and a subsidiary of, Bodega Latina Corp. Defendant Fiesta Mart, LLC is a limited liability company with a sole member, Bodega Latina Corp. Bodega Latina Corp. is incorporated in Delaware and maintains its principal place of business in California."

The affiant says nothing further.

_____

Jorge Del Toro

Subscribed and sworn to before me on _____, 2022.

_____

Notary Public for the State of _____

My commission expires: _____